**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30081 |
| Plaintiff - Appellee, | D.C. No. 4:08-CR-00065-SEH |
| v. |  |
| ROBERT JAMES CAPLETTE, | MEMORANDUM [*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted February 5, 2010
Seattle, Washington

Before: ALARCÓN, W. FLETCHER and RAWLINSON, Circuit Judges.

Appellant Robert James Caplette ("Caplette") appeals from the district

court's decision to permit the prosecution to introduce under Federal Rule of

Evidence 413 his prior juvenile adjudication for sexual assault in his trial for

sexual assault. Caplette contends that his juvenile status when he committed the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

prior sex crime is a significant "intervening event" counseling against admission under the Rule 403 balancing test. *Doe v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000).

This case is controlled by this Court's precedent in *United States v. LeMay*, 260 F.3d 1018 (9th Cir. 2001). In *LeMay*, we held that "courts must consider whether the prior acts evidence was necessary to prove the case, along with other factors." *Id*. at 1029. Here, the district court acted within its discretion in determining admission of the evidence was proper because the testimony of the alleged victim that she was raped was challenged by the defendant who testified that she consented. *See id*. Furthermore, the prior sex crime had strong probative value because of the similar modus operandi. *See id*.

Caplette's reliance on *Roper v. Simmons,* 543 U.S. 551 (U.S. 2005) for the proposition that juvenile crimes show less propensity to recommit such acts as an adult is misplaced. *Roper* dealt only with the cruel and unusual imposition of the death penalty on those below eighteen. *Id*. at 555-56. Although it relied in part on sociological evidence that juveniles were less likely to be morally culpable, this insight is not sufficient to overturn established and controlling Ninth Circuit jurisprudence in an unrelated area of the law where Congressional intent was to admit all prior sex crimes. *Compare* Fed. R. Evid. 413 (admitting all prior sex

crimes) *with* Fed. R. Evid. 609(b) (only allowing prior convictions for impeachment if they are less than ten years old). The fact that the prior crime was committed by Caplette while he was a juvenile may be an appropriate consideration in determining whether to admit evidence of that crime, but under our established case law evidence of a juvenile crime is not categorically inadmissible. The district court did not abuse its discretion in admitting Caplette's prior sexual assault conviction.

**AFFIRMED.**